UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROCKY L., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | Case No. C24-5478-KKE <br><br> ORDER AFFIRMING THE COMMISSIONER'S DECISION |

## I. INTRODUCTION

Plaintiff seeks review of the denial of his application for Supplemental Security Income. Plaintiff contends the administrative law judge ("ALJ") erred in assessing his allegations of mental and physical limitations. Dkt. No. 9 at 1. As discussed below, the Court affirms the Commissioner's final decision and dismisses the case with prejudice.

## II. BACKGROUND

Plaintiff was born in 1972, has a high school diploma, and previously worked as a janitor and fast-food clerk. Dkt. No. 6 (hereinafter Administrative Record ("AR")) at 416, 429, 434. Plaintiff was last gainfully employed in 2011. *Id.* at 416.

On August 26, 2020, Plaintiff applied for benefits, and amended his alleged onset date to his application date at his administrative hearing. AR at 79, 373–82. Plaintiff's application was

ORDER AFFIRMING THE COMMISSIONER'S DECISION - 1

denied initially and on reconsideration, and Plaintiff requested a hearing. *Id.* at 199–202, 206–14. After the ALJ conducted hearings in May and August 2023 (*id.* at 73–124), the ALJ issued a decision finding Plaintiff not disabled. *Id.* at 17–35. As the Appeals Council denied Plaintiff's request for review, the ALJ's decision is the Commissioner's final decision. AR at 1–6. Plaintiff appealed the final decision of the Commissioner to this Court. Dkt. Nos. 1, 3.

### III.   THE COMMISSIONER'S FINAL DECISION

Utilizing the five-step disability evaluation process,[1] the ALJ found:

**Step one:**  Plaintiff has not engaged in substantial gainful activity since his application date.

**Step two:**  Plaintiff has the following severe impairments: palsy, diabetes mellitus, plantar fasciitis, psoriasis, obesity, degenerative disc disease, degenerative joint disease, radiculopathy, spondylosis, spondylolisthesis, spinal stenosis, depressive disorder, and personality disorder.

**Step three:**  These impairments do not meet or equal the requirements of a listed impairment.[2]

**Residual Functional Capacity ("RFC"):**  Plaintiff can perform light work with additional limitations: he cannot climb ladders, ropes, or scaffolds. He cannot balance, stoop, kneel, crouch, or crawl on a more than occasional basis. He cannot climb ramps or stairs, or finger or feel, on a more than frequent basis. He cannot have concentrated exposure to wetness, humidity, vibration, hazards, pulmonary irritants, or extreme temperatures. He can perform simple tasks and instructions, and can perform the same tasks over and over. He requires a break after two hours of work. He cannot have more than occasional, superficial interaction (such as "good morning" or "here is the item") with co-workers or the public. He cannot adapt to more than occasional changes. He can complete goals set by the employer.

**Step four:**  Plaintiff has no past relevant work.

**Step five:**  As there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, Plaintiff is not disabled.

AR at 17–35.

---

[1] 20 C.F.R. §§ 404.1520, 416.920.

[2] 20 C.F.R. Part 404, Subpart P, Appendix 1.

## IV.    LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination[.]" *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (quoting multiple sources). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id.*

"Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.* at 954.

## V.    DISCUSSION

**A.    The ALJ Did Not Err in Discounting Plaintiff's Allegation of Mental Limitations.**

The ALJ summarized Plaintiff's allegations and explained that although the record supported the existence of some mental limitations, the ALJ found them to be less severe than alleged because: (1) Plaintiff's allegations were contradicted by the objective medical record; (2) Plaintiff failed to report some of the symptoms he described at the hearing to his providers, nor

did his treating providers observe the symptoms he alleged; (3) Plaintiff received no mental health treatment for years, although he did receive treatment for other conditions, and the degree of mental treatment he sought was not consistent with the symptoms he alleged; and (4) Plaintiff's daily activities are inconsistent with the limitations he described. AR at 23–30. Plaintiff argues that these reasons are not specific, clear, and convincing, as required in the Ninth Circuit. *See Burrell v. Colvin*, 775 F.3d 1133, 1136–37 (9th Cir. 2014).

In challenging the ALJ's assessment of his mental limitations, Plaintiff raises several arguments. First, Plaintiff argues that the ALJ contrasted Plaintiff's allegation of memory deficits with his normal memory testing, but failed to acknowledge that his memory was impaired during examinations with David Morgan, Ph.D., and David Widlan, Ph.D. Dkt. No. 9 at 3. This argument is not borne out in the ALJ's decision: the ALJ referenced the findings cited by Plaintiff, noting that Dr. Morgan did not believe Plaintiff's memory deficits would persist for the requisite 12 months of duration. *See* AR at 24 (citing *id*. at 491 (Dr. Morgan's opinion)). The ALJ found the subsequent medical records corroborated Dr. Morgan's prediction. *Id*. The ALJ also acknowledged that Dr. Widlan documented some degree of memory and concentration deficits, and the ALJ contrasted those findings with other evidence indicating that Plaintiff's memory, attention, and/or concentration were within normal limits. *Id*. at 32 (citing *id*. at 516, 580, 596, 601, 608, 674). In these ways, the ALJ acknowledged the mixed record as to Plaintiff's memory functioning and reasonably explained why he found that Plaintiff's memory was impaired but not to a disabling degree.

Second, Plaintiff challenges the ALJ's assessment of his allegation that his mind races sometimes and that he is often on the verge of tears, and that medication helps him cry less often (once every other week, for about 10 minutes at a time). Dkt. No. 9 at 3 (referencing AR at 89–

90, 94–96). The ALJ discounted these allegations because Plaintiff did not report these symptoms to treating providers (although he did report this symptom to Dr. Widlan), nor did any treating provider observe them. AR at 24. Plaintiff alleges that he "simply noted that he was on the verge of tears, not that he cries frequently[,]" nor did he "allege disability due to these reasons." Dkt. No. 9 at 3. Contrary to this allegation, Plaintiff testified at the hearing that he cried somewhat frequently for 10 minutes at a time, and the ALJ properly considered whether this symptom was reported to or observed by providers. *See, e.g.*, *Greger v. Barnhart*, 464 F.3d 968, 972 (9th Cir. 2006) (explaining that in evaluating a claimant's allegations, an ALJ may consider a claimant's inconsistent or non-existent reporting of symptoms to providers). The ALJ reasonably found that Plaintiff's failure to report these symptoms to most providers undermined his allegations.

Third, Plaintiff notes that the record contains findings suggesting that his concentration is impaired at times. Dkt. No. 9 at 3. The ALJ acknowledged those findings, however. AR at 31–32. Moreover, the ALJ included limitations in the RFC assessment to account for some concentration deficits. *See id*. at 23 (limiting Plaintiff to simple, repetitive tasks). This argument does not establish error in the ALJ's reasoning.

Last, Plaintiff argues that although the ALJ accurately noted that Plaintiff did not receive mental health treatment for many years, the ALJ did not acknowledge the reason underlying this lack of treatment. Dkt. No. 9 at 3. At the hearing, Plaintiff testified that he previously believed that his mental symptoms were due to his physical limitations, rather than mental health conditions, and made the connection only recently. AR at 92, 96. But the ALJ did not find that Plaintiff's lack of treatment undermined his complaints: the ALJ found that Plaintiff repeatedly denied any mental symptoms at all, and that when Plaintiff did eventually seek mental health treatment, he did not report the same symptoms and the same severity that he described at the hearing. *Id*. at 24.

ORDER AFFIRMING THE COMMISSIONER'S DECISION - 5

Plaintiff has not shown that this reasoning is erroneous, and instead emphasizes that he never alleged that his mental complaints were disabling.[3]  Dkt. No. 9 at 3.  Nonetheless, the Commissioner's regulations instruct an ALJ to consider all of a claimant's alleged symptoms, not only the most severe symptoms.  *See, e.g.*, 20 C.F.R. § 416.929(a) ("In determining whether you are disabled, we consider *all* your symptoms, including pain, and the extent to which your symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence." (emphasis added)).  The ALJ properly considered Plaintiff's alleged mental limitations, even if those limitations were not alleged to be disabling independently.

For all of these reasons, the Court finds that Plaintiff has not established error in the ALJ's assessment of his mental limitations, and the Court will therefore affirm this portion of the ALJ's decision.

**B.     The ALJ Did Not Err in Discounting Plaintiff's Allegation of Physical Limitations.**

The ALJ summarized Plaintiff's alleged physical limitations and explained that he discounted Plaintiff's allegations because: (1) the medical record showed that Plaintiff's symptoms improved with physical therapy, (2) many of Plaintiff's objective test results and findings were normal, (3) Plaintiff failed to follow through on multiple referrals to a rheumatologist, (4) Plaintiff inconsistently reported symptoms and medication side effects, and (5) Plaintiff's daily activities are inconsistent with the limitations he described.  AR at 23–30.  Plaintiff argues that these reasons are not specific, clear, and convincing, as required in the Ninth Circuit.  *See Burrell*, 775 F.3d at 1136–37.

First, Plaintiff argues that the ALJ erred in contrasting his allegations of back and shoulder pain with a variety of irrelevant findings, such as a finding that Plaintiff's cardiovascular and

---

[3] At the hearing, Plaintiff testified that his mental and physical limitations were disabling in combination. *See* AR at 94.

pulmonary systems are normal, in order to find Plaintiff's allegations inconsistent with the medical record. Dkt. No. 9 at 4. The ALJ indeed summarized a variety of medical records, only some of which are relevant to Plaintiff's allegations of back and shoulder pain, and some of which, as noted by Plaintiff (*id*.), corroborate the existence of limitations. *See* AR at 25–30. The ALJ's summary highlights, however, many findings that are reasonably inconsistent with Plaintiff's allegations, such as his normal strength, normal gait, negative straight leg raise, and his denial of pain with passive range of shoulder motion. *See id*. at 27–28. The ALJ also noted that Plaintiff told his treating providers that he could walk without restriction (*id*. at 28 (citing *id*. at 672)), although he testified at the hearing that he was limited to walking for 10 minutes at a time (*id*. at 100). The ALJ reasonably relied on these inconsistencies between Plaintiff's objective findings and his allegations to discount the allegations. *See Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008) ("Contradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony.").

      Next, Plaintiff argues that the ALJ erred in discounting his allegations because he received only conservative treatment, contending that it is inappropriate to require a claimant to undergo "extreme, risky, costly, or painful treatment" "before they receive disability benefits." Dkt. No. 9 at 4. But the ALJ did not suggest that Plaintiff would be required to undergo extreme treatment before his allegations could be credited. Instead, the ALJ found that Plaintiff failed to follow through on multiple referrals to a rheumatologist and declined to continue pursuing physical therapy although it had been beneficial in the past. AR at 29.

      Plaintiff disputes whether physical therapy was beneficial (Dkt. No. 9 at 5), but the ALJ did not err in finding that the record suggested that it was. The ALJ cited evidence indicating that 19 physical therapy visits in 2020 and 2021 were beneficial: upon his discharge, Plaintiff's

physical therapist described Plaintiff's course of physical therapy as "do[ing] well to improve his strength … and his overall activity level" and that he has "improved symptoms and function secondary to compliance with therapy[.]" AR at 559. At that time, Plaintiff's physical therapist found that "[h]is adherence to his home exercise program has gone a long way in his improvement." *Id*. Plaintiff was instructed to continue his course of exercises at home, although he did not comply regularly, which resulted in no benefit. *See id*. at 559, 598. Plaintiff later described physical therapy as providing a "mixed" benefit and declined a referral to return to physical therapy, but his provider nonetheless instructed him to perform his home exercises on a daily basis and to increase his exercise. *Id*. at 598. This evidence reasonably shows that Plaintiff improved when complying with treatment, which is a sufficient basis on which to discount Plaintiff's allegations, and the ALJ need not credit Plaintiff's later description of only "mixed" benefit. *See, e.g.*, *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599–600 (9th Cir. 1999) (contrary to plaintiff's claims of lack of improvement, physician reported symptoms improved with use of medication).

Under these circumstances, the ALJ reasonably found that Plaintiff's course of treatment was inconsistent with his allegations of disabling symptoms. *See, e.g.*, Social Security Ruling 16-3p, 2017 WL 5180304, at *9 (Oct. 25, 2017) ("We will consider an individual's attempts to seek medical treatment for symptoms and to follow treatment once it is prescribed …. Persistent attempts to obtain relief … may be an indication that an individual's symptoms are a source of distress and may show that they are intense and persistent.")

Plaintiff also argues that the ALJ erred in finding his daily activities inconsistent with his allegations because he required accommodations such as extra time or a mobility device to complete limited activities. Dkt. No. 9 at 6–7. The ALJ noted, however, that Plaintiff reported

ORDER AFFIRMING THE COMMISSIONER'S DECISION - 8

that he uses public transportation to shop for groceries once a week, and the ALJ found that this activity level was inconsistent with his testimony that Plaintiff could engage in activity for only 10 minutes at a time. *See* AR at 30 (citing *id*. at 423, 623). This is a reasonable reading of the record: although Plaintiff emphasizes that he uses a motorized cart at the grocery store (Dkt. No. 9 at 6–7 (citing AR at 457)), Plaintiff's ability to use public transportation to and from the grocery stores while carrying groceries is nonetheless reasonably inconsistent with the physical limitations he alleged. The ALJ did not err in relying on this inconsistency to discount Plaintiff's allegations of disabling physical limitations. *See Smartt v. Kijakazi*, 53 F.4th 489, 499–500 (9th Cir. 2022) (affirming an ALJ's assessment of a claimant's allegations based in part on a citation to activities inconsistent with those allegations).

In sum, because Plaintiff has failed to show that the ALJ's assessment of his mental or physical limitations contains harmful legal error, the Court will affirm the ALJ's decision.

## VI.   CONCLUSION

For the foregoing reasons, the Commissioner's final decision is AFFIRMED and this case is DISMISSED with prejudice.

Dated this 16th day of January, 2025.

Kymberly K. Evanson
United States District Judge